September 9, 1977

## 78-83   MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### Dual Office—Compensation (5 U.S.C. § 5533)— Peace Corps—ACTION

This is in response to your request for our opinion whether a Presidential appointee to the dual positions of Director of the Peace Corps and Deputy Director of ACTION can be paid at the rate that is the lower of the salaries designated for those positions.[1]

As a threshold matter, it should be noted that an individual can concurrently hold two Federal executive offices. The only general statute presently regulating dual service by Federal officers or employees is 5 U.S.C. § 5533(a), which provides that

> . . . an individual is not entitled to receive basic pay from more than one position for more than an aggregate of 40 hours of work in one calendar week (Sunday through Saturday).

The statute inferentially recognizes the legality of dual office-holding.[2]

The inquiry here is whether the governmental official appointed to two different positions can be paid the salary of the lowest paying position. In light of the relevant case law and our prior opinions, we think that in this case the officer must be paid the higher of the two salaries.

A Federal office holder cannot legally waive a salary fixed by law.[3] *See, Glavey* v. *United States,* 182 U.S. 595 (190). The salary of the Director of the Peace Corps is fixed by law pursuant to 5 U.S.C. § 5314(37), as amended. Thus, the parameters have been drawn: On one hand a Federal officeholder can receive only one salary regardless of the number of offices he holds, and on the other, that officeholder cannot legally waive a salary fixed by law. It seems to

---

[1]The position of Director of the Peace Corps is the higher paying position of the two.

[2]A Presidential appointee once served concurrently as Director of the Office of Economic Opportunity and as Director of the Peace Corps.

[3]For purposes of our analysis it is irrelevant whether the position of Deputy Director of ACTION is fixed by law.

follow logically that a dual officeholder, if powerless to waive a statutorily fixed salary, cannot waive his entitlement to receive a statutorily fixed salary that is greater than the salary of his concurrent position. The validity of this logic must be measured against the reason for the rule which renders powerless a Federal officeholder to waive his or her statutorily fixed salary.

In *Glavey* v. *United States, supra,* plaintiff Glavey was duly appointed as a "special inspector of foreign steam vessels" and his salary was fixed by statute. After dismissing numerous governmental assertions as to why the plaintiff should not be paid the full statutory salary, the Court quoted from *Miller* v. *United States,* 103 F. 413, 415-416 (1900):

> . . . It is to be assumed that Congress fixes the salary with due regard to the work to be performed, and the grade of man that such salary may secure. It would lead to the grossest abuses if a candidate and the executive officer who selects him may combine together so as entirely to exclude from consideration the whole class of men who are willing to take the office on the salary Congress has fixed but will not come for less. . . . [182 U.S. at 609.]

The *Glavey* Court therefore concluded:

> The stipulation that Glavey, who was local inspector, should exercise the functions of his office of special inspector of foreign steam vessels "without additional compensation" was invalid under the statute prescribing the salary he should receive, was against public policy, and imposed no legal obligation upon him. [182 U.S. at 610.]

The *Glavey* rationale thus requires that a public official may not waive the salary of the position in which he serves where that salary is fixed by statute. A lesser salary agreement between the official and the appointing officer would not give effect to the will of the legislature. Consequently, since the higher of the two salaries here is fixed by statute that salary must be paid the appointee to the position of Director of the Peace Corps.

LARRY A. HAMMOND
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
